

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-420

Re: Whether State Highway Dept.
can perform shop and mechani-
cal work for Dept. of Public
Safety, making charge of cost
plus 20%.

We are in receipt of your letter of March 3, 1939, wherein you enclose a letter received by you from Julian Montgomery, State Highway Engineer. In that letter appears the following statement of facts:

"The Highway Commission passed Minute No. 15951 on January 25, 1939 authorizing the repair of automobiles and motorcycles belonging to the Department of Public Safety on the basis of cost plus 20%. This percentage represents indirect shop expense, e.g. cost of shop tools, power, lights, fuel, depreciation of shop machinery and plant, salaries of District mechanic and warehouseman, etc., and is considered by this Department as an expense in operating our own equipment. The repair work is to be done in the various District machine shops.

"It is proposed to bill such work to the Department of Public Safety on this basis as per attached sample statement and to supply the Department of Public Safety with a work order on each repair job. This work order will give full itemization of all costs.

"All material to be used on such repair jobs will have been previously approved by the Board of Control both for purchase and for payment."

You then request our opinion in response to the following questions:

"1. Does the Highway Department have authority to request the Board of Control to purchase, out of Highway Funds, supplies which are to be used for the purpose of sale to other departments?   *NO*

"2. Without a pre-existing law, can one department charge another department for services rendered?

"3. Can the Highway Department legally hold General Revenue Warrants issued in its favor until such warrants are called for payment by the State Treasurer?

"4. Does this department have authority to require the bills for repairs submitted by the Highway Department to the Department of Public Safety (if the costs of the parts should be included in the account submitted) to be approved by the Board of Control?"

The general appropriation bill for the biennium beginning September 1, 1937, is Senate Bill No. 138, being Chapter 504, beginning at page 1362 of the General and Special Laws, 45th Legislature, Regular Session.

At page 1433 thereof, a part of said Senate Bill No. 138 providing for the State Highway Department, reads as follows:

"Provided, that the above and foregoing amounts appropriated herein for the State Highway Department, and for services rendered by other Agencies of the State Government to the Highway Department, shall be paid out of the State Highway Fund upon warrants issued by the State Comptroller, as provided by Chapter 1, Title 116, Revised Civil Statutes, 1925, and amendments thereto; provided further that all funds or balances of funds on hand September 1, 1937, and all funds coming into the State Highway Fund, and derived from registration fees or from other sources, after deducting the total of the specific appropriations herein made, are hereby appropriated to the State Highway Department for the establishment of a system of State Highways and the construction and maintenance thereof, as contemplated and set forth in said Chapter 1, Title 116, and Chapter 186, General Laws of the Regular Session of the Thirty-ninth Legislature, and amendments thereto.

"The State Highway Commission is hereby expressly authorized to purchase, through the Board of Control, and additional equipment, motor vehicles and any and all other equipment of any kind or character necessary in the opinion of the State Highway Commission to properly carry out the work of said Highway Department, and said Highway Commission is expressly authorized and empowered to purchase as herein provided, through the Board of Control, any and all equipment, which is necessary, in the opinion of the Highway Commission, in order to make air maps of highways of Texas, or proposed highways."

At page 1461 thereof we find $56,600 appropriated to the Public Safety Department for "auto upkeep and transportation."

Article 4413 (25), Revised Civil Statutes, reads as follows:

"The State of Texas shall provide the necessary buildings, offices and quarters for the Department and its officers and employees in the City of Austin, Texas, and in such other places in the State as district head-quarters shall be established, and it shall also provide for the equipment of the Department and the Divisions, bureaus and branches thereof, with the furniture, fixtures, automobiles, motorcycles, horses, firearms, ammunition, uniforms, appliances and materials necessary to the proper functioning and operation thereof."

Article 4413 (23), Revised Civil Statutes, reads:

"The Attorney General of the State of Texas, the Highway Department, the Public Health Department and all other departments of the government of the State of Texas shall cooperate with the Department of Public Safety in the execution of the provisions of this Act and in the enforcement of the laws of the State concerning crime prevention and detection and the public safety. The Board of Control is hereby directed to provide suitable quarters for the Department of Public Safety in the basement of the Land Office Building until more suitable quarters are available."

Article 6673, Revised Civil Statutes, reads:

"The Commission is authorized to take over and maintain the various State Highways in Texas, and the counties through which said highways pass shall be free from any cost, expense or supervision of such highways. The Commission shall use the automobile registration fees in the State Highway Fund for the maintenance of such highways, and shall divert the same to no other use unless the Commission shall be without sufficient funds from other sources to meet Federal aid to roads in Texas, and in such case the Commission is authorized by resolution to transfer a sufficient amount from such fund to match said Federal aid."

Article 6674, Revised Civil Statutes, provides in part:

". . . All money herein authorized to be appropriated for the operation of the Department and the purchase of equipment shall be paid from the State Highway Fund, and the remainder of said fund shall be expended by the Commission for the furtherance of public road construction and the establishment of a system of State highways as herein provided."

Article 6674e, Revised Civil Statutes, reads:

"All moneys now or hereafter deposited in the State Treasury to credit of the "State Highway Fund", including all Federal aid moneys deposited to the credit of said fund under the terms of the federal Highway Act and all county aid moneys deposited to the credit of said fund under the terms of this Act shall be subject to appropriation for the specific purpose of the improvement of said system of State Highways by the State Highway Department."

Article 6674q-5, Revised Civil Statutes, provides:

"All moneys now or hereafter deposited in the State Treasury to the credit of the "State Highway Fund," including all Federal Aid money deposited to the credit of said Fund under the terms of the Federal Aid Highway Act, shall be subject to appropriation by the Legislature for the specific purpose of the improvement of said System of State Highways by the State Highway Department."

Article 6674q-6, Revised Civil Statutes, allocating funds from gasoline tax, after awarding one-fourth to the Available Free School Fund and one-fourth to the "County and Road District Highway Fund", provides as follows:

". . . the remainder of such occupation or excise tax shall go to, and be placed to the credit of, the State Highway Fund, for the construction and maintenance of the public roads of the State, constituting and comprising the system of State Highways of Texas, as designated by the State Highway Commission of Texas."

Chapter 5, Title 20, (Arts. 631-664) Revised Civil Statutes, makes provision for the formation of a Purchasing Division by the Board of Control and sets forth its duties:

Article 634, Revised Statutes, provides:

"The Board of Control shall purchase all the supplies used by each Department of the State Government, including the State Prison System, and each eleemosynary institution, normal school, Agricultural and Mechanical College, University of Texas, and each and all other State Schools or Departments of the State Government heretofore or hereafter created. Such supplies to include furniture and fixtures, technical instruments and books, and all other things required by the different departments or institutions, except strictly perishable goods."

Article 663, Revised Statutes, reads:

"All purchases by contract or otherwise, as herein authorized, shall be in accordance with such appropriations as shall be made by the Legislature for the support of the several institutions respectively."

We have attempted to collate above all statutes which might bear upon this subject, whether the one way or the other.

As noted above Article 6675 prohibits the diversion of any of the automobile registration fees in the Highway Fund to any use except for the maintenance of highways, and the other statutes regulating the use of money in the State Highway Fund, as noted above, definitely and explicitly provide that such money shall be used for the construction, establishment and maintenance of the public highways.

Hon. Gec. H. Sheppard, March 27, 1939, Page 6

In view of such repeated directions concerning the moneys in the State Highway Fund we do not believe that the provisions in Article 4413 (23) for the Attorney General, the Highway Department and the Public Health Department to "cooperate with the Department of Public Safety in the execution of the provisions of this Act" envisaged a cooperation involving the use of funds of the Highway Department for the benefit of the Public Safety Department. Notwithstanding the fact that money spent by the Highway Department for parts might or would be re-paid the next day, or on the first day of the succeeding month, by the Public Safety Department, it is clear that for some period of time the Highway Department would be advancing money for the benefit of the Public Safety Department - and not in the construction or maintenance of roads. Your first question must be given a negative answer.

Your second question is a very general one. However, we are going to assume that it relates to the 20% charge mentioned in Mr. Montgomery's letter and answer it upon that basis.

Actually, the same thing is here involved as in the first question, although in perhaps a different form. Here, it is proposed to use the facilities of the Highway Department for purposes other than the construction or maintenance of public roads. If Highway Commission Funds could not be used for any other purpose, it would necessarily follow that tools and machinery purchased with such funds could not be so used, nor the labor of men paid with such funds. Any of such uses would be foreign to the statutes regulating the use of the funds of the State Highway Department.

The sale of articles of merchandise, although for cost only, and the rendering of shop services, whatever charge may be made for the same, is engaging in a species of business not authorized by the statutes regulating the State Highway Department. Whether it is desirable for such to be done is a legislative question.

The second question likewise must be answered in the negative. This renders unnecessary that your third and fourth questions be answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:N
APPROVED

FIRST ASSISTANT ATTORNEY GENERAL